## SCHINDELER v. SELDIN CONSTRUCTION CO., Inc., et al.
No. 66-C-13805.

Circuit Court, Dade County.

February 27, 1967.

Robert J. Ramer, Miami, for plaintiff.

Ser, Greenspahn, Kayfetz & Morrissey, Miami, for defendant Seldin Construction Co., Inc.

Henry M. Schmerer of Ruden, Barnett & McClosky, Fort Lauderdale, for defendant Concrete Unlimited, Inc.

HAL P. DEKLE, Circuit Judge.

*Final decree and order of dismissal as to Concrete Unlimited, Inc.:* This is a suit for specific performance by the owner of real property against Seldin Construction Co., Inc., the general contractor, and Concrete Unlimited, Inc., a subcontractor. The complaint alleges that plaintiff had a contract with the general contractor and then the general contractor, in turn, had a contract with the subcontractor.

The issue presented by the motion of the defendant Concrete Unlimited, Inc. to dismiss for failure to state a cause of action is whether the owner of the property in a construction contract can sue a subcontractor with whom the owner is not in privity.

Without deciding whether specific performance would be the proper remedy in a construction contract or whether the complaint fully sets forth equity jurisdiction, it appears to be the universal rule that an owner may not sue the subcontractor in contract when there is no privity between them.

While no Florida appellate case has been found which expressly makes the statement, the treatises on the subject and those cases which are reported all support this proposition. Corbin in his treatise on *Contracts* in volume 4, §787, at page 102-103 states —

> If a principal contractor contracts with a subcontractor for the supply of materials to be used by the former in erecting a structure, the owner is not a beneficiary of the subcontract. The same will ordinarily be true even though the subcontractor undertakes the incorporation of the materials into the structure, for the reason that this incorporation will not discharge the contractual duty of the principal contractor and the parties do not contemplate that it should. It is the principal contractor's duty to erect and deliver the complete structure according to plans and specifications; and the subcontractor's work does not discharge that duty to any extent. His work is merely

a preliminary step that will enable the principal contractor to perform. If the structure is destroyed after the subcontractor's work is done but before completion and delivery of the whole, the principal contractor is still under his contractual duty as a whole; the subcontractor's performance discharged it in no respect.

Corbin also points out in the same volume, in §779D, that the owner is merely an incidental party to the contract between the general and the subcontractor, who is not a proper party in a suit between the owner and the general contractor. The rule is also expressed in 17A, C.J.S., *Contracts*, §518, page 945 at note 70.5.

The case of Joseph Lande & Son v. Wellsco Realty, 34 A.2d 418 (N.J. 1943), held that after the general contractor had stopped his performance of the construction contract the subcontractor had no duty to perform to the owner. The owner could independently make a contract with the subcontractor and that would be the only contract between the owner and the subcontractor — not the original contract between the owner and the general contractor.

These views would also be the law in Florida and this is expressed by the fact that it required a provision in the Florida constitution, article XVI, section 22, and enabling legislation, to give to subcontractors a right to have a lien against the owner for work the subcontractor performed because at common law the subcontractor had no remedy against the owner because there was lack of privity between them.

Thus, in Florida, the only time an owner and subcontractor can be adversaries in contractual matters is through statutory procedures. Even today a subcontractor would not be able to directly bring suit in contract against the owner without complying with the applicable statutes — and so too is an owner prevented from bringing such action against the subcontractor when there is no privity between them.

It is, therefore, ordered, adjudged and decreed that —

(1) The motion of the defendant Concrete Unlimited, Inc. to dismiss for failure to state a cause of action is granted.

(2) Plaintiff's complaint as it applies to Concrete Unlimited, Inc. is dismissed with prejudice, and plaintiff shall take nothing by this suit, and said defendant shall go hence without day.